IN the MATTER OF the REINSTATEMENT OF the LICENSE OF Gregory K. SCOTT, to Practice Law in Wisconsin.

Supreme Court

*No. 86–1258–D. Filed October 22, 1998.*

(Also reported in 584 N.W.2d 896.)

¶ 1. PER CURIAM. On May 23, 1997, Gregory K. Scott petitioned for the reinstatement of his license to practice law in Wisconsin, which was revoked with his consent on July 28, 1986, as discipline for professional misconduct. That misconduct consisted of giving false testimony regarding his income while testifying under oath in a contempt hearing arising from a child support order, leading to his conviction of perjury in Dodge county circuit court. *Disciplinary Proceedings Against Scott*, 132 Wis. 2d 222, 390 N.W.2d 572.

¶ 2. The district professional responsibility committee that investigated the reinstatement petition and held a hearing on it unanimously recommended to the Board of Attorneys Professional Responsibility (Board) that the petition be denied. That adverse recommendation was based on the following.

¶ 3. The petitioner appeared not to understand the nature and seriousness of his perjury conviction, as he stated that his perjury was not a material matter, notwithstanding his admission that his false state-

ment under oath was an attempt to avoid paying increased child support. In that regard, he acknowledged that he had been "playing a game" with the court. He showed no remorse for his past professional misconduct and continued to contest the validity of his perjury conviction and of a subsequent misdemeanor conviction of possession of gambling devices, for which he was placed on nine months' probation in 1996.

¶ 4. In his testimony before the district committee, Mr. Scott was evasive in many of the answers he gave to the committee's questions. For example, referring to his 1992 conviction of operating a motor vehicle while intoxicated, he stated that the result of the breathalyzer test was double zero (00). Upon further questioning, however, he admitted that the result he reported was in fact an indication that he had refused to take the breathalyzer test.

¶ 5. In addition, the district committee found that Mr. Scott's conduct since license revocation has not been exemplary and above reproach.[1] In addition to his convictions for driving while intoxicated and for possession of gambling devices, he entered into a joint business venture with a known felon, made threats that resulted in a disorderly conduct charge that ultimately was dismissed, and did not respond to civil judgments entered against him that he has not paid.

¶ 6. Based on the district committee's findings and conclusions, the Board concluded that Mr. Scott

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

failed to meet his burden under SCR 22.28 of demonstrating that his conduct since revocation has been exemplary and above reproach, that he has a proper understanding of and attitude toward standards imposed on members of the bar and that he will act in conformity with those standards, and that he can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer of the court. On August 24, 1998, the Board filed its report recommending that the petition for reinstatement of his license to practice law be denied. Mr. Scott did not file a response to the Board's report and recommendation filed with the court.

¶ 7.  We determine, based on the reports and recommendations of the district professional responsibility committee and the Board, that Mr. Scott has failed to establish by clear and convincing evidence that he has the moral character to be licensed to practice law in this state.[2]

¶ 8.  IT IS ORDERED that the petition of Gregory K. Scott for reinstatement of his license to practice law in Wisconsin is denied.

---

[2] SCR 22.28(6) provides, in pertinent part:

. . .

(6)  The petitioner has the burden of demonstrating by clear and convincing evidence that the petitioner has the moral character to practice law in this state and that the petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest.